FILED
SUPERIOR COURT
OF GUAM

2019 MAR 20 AM II: 58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LORENA G. MENDIOLA,<br><br>      Plaintiff,<br><br>vs.<br><br>RICHARD D.O. MENDIOLA,<br><br>      Defendant. | DOMESTIC CASE NO. DM 0300-18<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 20, 2018, upon Defendant's Motion to Set Aside Entry of Default ("Motion") filed September 13, 2018. Defendant Richard D.O. Mendiola ("Defendant") was represented by Attorney Anthony R. Camacho. Plaintiff Lorena G. Mendiola ("Plaintiff") was represented by Attorney Daniel S. Somerfleck. Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

The Complaint for Divorce in this matter was filed on May 18, 2018. The Plaintiff seeks divorce on the ground of irreconcilable differences. Compl. ¶ VII (May 18, 2018). The Defendant was served with the Summons and Complaint on May 24, 2018.

On June 14, 2018, the Plaintiff filed a Request to Enter Default and Entry of Default, requesting that the Clerk of Court enter default on the docket for the Defendant's failure to appear and answer the Complaint within the twenty (20) day period allowed by Rule 12 of the

Guam Rules of Civil Procedure. The Clerk of Court entered default on the docket in this matter on June 21, 2018.

In his Motion, the Defendant concedes he received the Summons and Complaint in this matter and that he did not answer within the time allowed. According to the Defendant, he had to leave island to travel to New Mexico for work from approximately June 2, 2018, to June 14, 2018. Before leaving island, the Defendant claims he attempted to obtain an attorney but was unsuccessful. The Defendant explains in his declaration that the cause for his failure to file an answer was his lack of understanding of the legal procedure in this matter and inability to obtain an attorney. Consequently, he was unable to timely file an answer to the Complaint. Thereafter, the Defendant took out a personal loan and was able to hire an attorney on September 8, 2018. Plaintiff, in opposition, contends that the Defendant brings the instant motion in another attempt to further delay the divorce proceedings and interfere with judicial processes. Therefore, due to Defendant's culpable conduct alleged by the Plaintiff, it is the Plaintiff's position that the Court deny the Defendant's motion and grant the Plaintiff's Complaint.

A default hearing was held on September 13, 2018. At the hearing, Attorney Camacho entered his appearance and requested the opportunity to file an Answer to the Complaint. The Court granted the Defendant leave to file an Answer. The Defendant filed his Answer and Counterclaim on November 28, 2018.

On September 13, 2018, the Defendant filed the instant Motion to Set Aside Entry of Default. The Plaintiff filed an Opposition on October 11, 2018, and the Defendant filed a Reply on October 29, 2018. The Court held a hearing and took the matter under advisement on September 20, 2018.

## DISCUSSION

Rule 55(c) of the Guam Rules of Civil Procedure provides, "[f]or good cause shown, the court may set aside an entry of default . . . ." Guam R. Civ. P. 55(c). Although the distinct concepts of default and default judgments must be treated separately, the Supreme Court of Guam has explained that "due to the parallels between entries of default and default judgments, in reviewing entries of default courts will look to the same grounds that are relevant in

considering whether to set aside a default judgment." Adams v. Duenas, 1998 Guam 15 ¶ 5. The standard however, "is less rigorous when examining a motion to set aside entry of default than for default judgments . . . ." Id. Nonetheless, "default judgments are generally disfavored and deciding a case on its merits is encouraged whenever possible."

The grounds on which a court should set aside an entry of default are if: "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the [default] is set aside." See Midsea Industrial, Inc. v. HK Engineering, Ltd., 1998 Guam 14 ¶ 5 (adopted the Ninth Circuit of Appeals test for whether to set aside default and default judgments); see also Adams, 1998 Guam 15 ¶ 5. A finding of but one of the three elements is sufficient to deny a motion to set aside entry of default. Midsea, 1998 Guam 14 ¶ 5; Duenas v. Brady, 2008 Guam 27 ¶ 17 (Guam precedent requires the Court to apply the three elements disjunctively rather than as a balancing test). In other words, if one of the three elements is present, then the Court may deny a motion to set aside entry of default. Midsea, 1998 Guam 14 ¶ 6.

## I.     Culpable Conduct

The Ninth Circuit found culpable conduct in leading to the entry of default when a party "received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not necessarily . . . culpable or inexcusable." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by* Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).

Here, the Defendant has repeatedly argued to the Court, in his moving papers and at oral argument, that the cause for his failure to timely file an answer was his lack of understanding of the legal procedure in this matter. Consequently, the Defendant attempted to obtain an attorney but could not do so prior to the expiration of the time allowed due to financial constraints. It

wasn't until the Defendant took out a personal loan that he successfully retained an attorney to represent him in these proceedings. Therefore, while the Court recognizes that the Defendant failed to timely answer the Complaint in this matter, the Court finds that the Defendant was genuine in actively seeking counsel in order to address the claims in the complaint. Accordingly, the Court concludes that the entry of default was not a result of the Defendant's culpable conduct.

## II.    Meritorious Defense

In applying the meritorious defense element, the Court must determine "whether it is possible that the outcome after a full trial would be contrary to that achieved from a default judgment." Midsea, 1998 Guam 14 ¶ 10. Additionally, in demonstrating a meritorious defense, a party must put forth more than mere conclusory assertions and must present specific facts that would constitute a defense if the litigation was permitted to advance. TCI Group, 244 F.3d at 700. Here, the Defendant raises several affirmative defenses such as condonation, recrimination, unreasonable lapse of time, and unclean hands. The Defendant also asserts a counterclaim of extreme cruelty. If these allegations are proven to be true, then there is a possibility that a contrary result to that achieved from the default would occur. Further, granting divorce on the grounds of irreconcilable differences when there are allegations of extreme cruelty warrants adjudication of the claims on the merits and not simply by default. Thus, the Court finds that the Defendant has sufficiently offered potentially meritorious defenses and has satisfied this element for the purposes of setting aside the entry of default.

## III.   Prejudice to the Plaintiff

Finally, as to the element of prejudice to the Plaintiff, courts will normally make such determination at the time when the defaulting party moves to set aside the default. Midsea, 1998 Guam 14 ¶ 14 (citing Cribb v. Matlock Communications, Inc., 768 P.2d 337, 340 (Mont. 1989). With regard to prejudice as a result of the Defendant's delay, "[i]t is not enough for the Plaintiff . . . to say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations. Id. at ¶ 16. Neither can the Defendant "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." Id. For delay to

be prejudicial, it must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Pac. Renewable Energy Sols., 2013 WL 1352063 at *6 (citing TCI Group, 244 F.3d at 701). It is not however, prejudicial to set aside the entry of default and require litigation on the merits because the Plaintiff would nevertheless have had to litigate the merits of the case absent a default. Id.

In this case, the Plaintiff contends that the purpose of this instant motion is to cause further delay of the divorce proceedings and interfere with the judicial process. However, notwithstanding the delay, the Defendant and counsel have appeared consistently before the Court since September 13, 2018. Further, the Defendant has appeared and argued his position on the default before the Court had an opportunity to enter default judgment in favor of the Plaintiff. Thus, because the Defendant acted promptly to set aside the entry of default, and no default judgment has been entered in the docket, the Court finds the Plaintiff will not be prejudiced by setting aside the entry of default.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Defendant's Motion to Set Aside Entry of Default. Accordingly, the Entry of Default, entered on the docket in this matter by the Clerk of Court on June 21, 2018, is hereby **VACATED**.

**IT IS SO ORDERED** _____ MAR 2 0 2019

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Anthony Camacho
Sonterflick
Date: 3/20/19 Time: 12pm
Urbino AP
Deputy Clerk, Superior Court of Guam